van Gestel, J.
This matter is before the Court on a special motion to dismiss pursuant to G.L.c. 231, Sec. 59H, the anti-SLAPP statute, filed by the defendant, Lee Imported Cars, Inc. (“Lee Cars”).
Lee Imported Cars, Inc. is a Massachusetts corporation with its principal place of business at 962 Worcester Road, Wellesley, Massachusetts. Lee Cars makes no claim to having a place of business in or to owning real property in the Town of Norwood.
The petitioning activity is alluded to be proceedings before, and more significantly an appeal to the Land Court from a decision by the Town of Norwood Zoning Board of Appeals (“Norwood Zoning Board”) granting certain special permits to JMK Development, LLC in connection with the proposed construction and operation of a Jaguar and Land Rover automobile dealership. Lee Cars alleges that JMK, Inc., the plaintiff here, would operate the Jaguar/Land Rover dealership in Norwood for which the permits were granted in competition with Lee Cars’ Jaguar dealership in Wellesley.
There were two public hearings before the Norwood Zoning Board, on December 2 and December 16, 2003. The decision appealed from is dated December 29,2003.
There were some suggestions that attorneys for Christopher J. Lee, a controlling figure in Lee Cars, appeared[1] at the Norwood Zoning Board hearings but declined, when asked, to reveal the identity of their client. However, no affidavits or other evidence about these supposed appearances have been presented to this Court. Consequently, it makes no conclusions and draws no inferences in favor of or against either side from these suggestions.
An Offer to Purchase Unit K-l at Hilltop Gardens Condominium in Norwood was accepted by an unnamed seller, whose signature is illegible to the Court, on November 28, 2003. The Offer to Purchase included a closing date for the acquisition as 12:00 Noon on January 15, 2004. The Offer to Purchase contains no name for the “buyer.” Rather, it simply is signed by Frederick Kiely, who appears to be a real estate Agent with offices at 171 Main Street, Cotuit, Massachusetts.
The purchaser of Unit K-1, who Frederick Kiely was presumably acting for, had the benefit of a Mortgage Contingency Addendum that expired on December 28, 2003. Until that date, the buyer had the option to revoke the Offer to Purchase if the buyer could not finance 90% of the purchase by a conventional mortgage loan.
The quitclaim deed to Unit K-1, dated Januaiy 14, 2004, describes the grantor as “Hilltop Gardens Investment LLC, a Massachusetts limited liability company, having an address co Kiely & Company, LLC, 171 Main Street, P.O. Box 432, Cotuit, MA 02653.”
The underlying court action appealing the Norwood Zoning Board’s determination was filed in the Land Court on January 16, 2004. The plaintiff/appellant in that action is an entity described as Hilltop Gardens Investment LLC (“Hilltop LLC”). See Hilltop Gardens Investment LLC v. JMLK Development, LLC etal., Land Court No. 295906. Hilltop LLC describes itself in Paragraph 2 of its Land Court complaint as:
a Massachusetts limited liability company with a usual place of business at 171 Main Street, Cotuit, Barnstable County. Hilltop is record owner of Unit K-1 at the Hilltop Gardens Condominium, 213 Rock Street, Norwood, Norfolk County, which is located within three hundred (300) feet of the JMK property referred to in [Paragraph] 3, below.
The Certificate of Organization of Hilltop LLC is dated December 29, 2003, and was filed with the Secretary of the Commonwealth, Corporations Division, on December 30, 2003.
Frederick Kiely, presumably the same person who signed the Offer to Purchase Unit K-l on November 28, 2003, is listed as the sole Manager of Hilltop LLC and he signed the Certificate of Organization as such.
Another lawsuit, a declaratoiy judgment action, was filed on December 17,2003, in the United States District Court in Boston captioned Jaguar Cars v. Lee Imported Cars, Inc., Civil Action No. 03-CV-12532-RGS. The declaration sought by Jaguar Cars (“Jaguar”) was that it would not incur any liability to Lee Imported Cars, Inc. under G.L.c. 93B by locating a competing Jaguar franchise in Norwood, Massachusetts.
*744 On May 18, 2004, District Judge Steams granted Jaguar’s motion for summary judgment “as to Lee’s Chapter 93B counterclaim, Lee’s intentional interference claim, and so much of Lee’s breach of contract counterclaim and breach of the implied covenant of good faith and fair dealing counterclaim that is based on allegations relating to the siting of the Norwood franchise.” Judge Steams also declared that “Jaguar will not violate either Chapter 93B or its franchise agreement with Lee by establishing a Jaguar franchise at the proposed dealership point in Norwood, Massachusetts.”

DISCUSSION

The Court begins, as it must, with the pertinent parts of G.L.c. 231, Sec. 59H.
In any case in which a party asserts that the civil claims . . . against said party are based on said party’s exercise of its rights of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss . . . The court shall grant such special motion, unless the parly against whom such special motion is made shows that: (1) the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party’s acts caused actual injury to the responding party. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating facts upon which the liability or defense is based.
See Duracraft Corp. v. Holmes Products Corp., 427 Mass. 156 (1998).
The parties made multiple arguments about why Sec. 59H should or should not apply to the present litigation. This Court, however, focuses solely on one point clearly revealed in the pleadings and supporting and opposing affidavits. The statute, by its plain language, protects a party who exercises his, her or its rights of petition under the United States or Massachusetts constitutions. The entire thrust of the law is to shelter that party from generally meritless and oppressive lawsuits aimed at deterring citizens from exercising their political or legal rights or to punish them for doing so. Id. at 161.
Here the party sued is Lee Imported Cars, Inc., a Massachusetts corporation based in Wellesley, and with no real property interest in Norwood. As such, Lee Cars could not have exercised any rights of petition before the Norwood Zoning Board. Indeed, on the present record, this Court does not know who, if anyone, exercised any petitioning rights before the Norwood Zoning Board.
What the Court does know, however, is that Hilltop Gardens Investment LLC was not doing any petitioning of any kind until December 30,2003, at the earliest. This is because Hilltop LLC did not even exist as a legal entity until that date. “A limited liability company is formed at the time of the filing of the initial certificate of organization in the office of the state secretary.” G.L.c. 156C, Sec. 12(b). The Norwood Zoning Board hearings occurred on December 2 and December 16, 2003, and its decision was filed on December 29, 2003.
This factual situation then leaves only the appeal to the Land Court as possible petitioning activity. In that proceeding, the Court knows exactly who was doing the petitioning — Hilltop LLC “a Massachusetts limited liability company with a usual place of business at 171 Main Street, Cotuit, Barnstable County.” “A limited liability company... shall be a separate legal entity ...” G.L.c. 156C, Sec. 12(b). Similarly, “(t]he rule in the Commonwealth is that corporations are to be regarded as separate entities where there is no compelling reason ... ‘to look beyond the corporate form for the purpose of defeating fraud or wrong, or for the remedying of injuries.’ ” Gurry v. Cumberland Farms, Inc., 406 Mass. 615, 625-26 (1990). Thus, Hilltop LLC and Lee Imported Cars, Inc. are each separate legal entities, each with their own right to petition, and each with the ability to sue and be sued. Nothing has been presented to this Court to establish that Hilltop LLC was an agent or otherwise acting for Lee Cars when it filed the appeal to the Land Court from the Norwood Zoning Board’s decision. Lee Cars, therefore, is not a party entitled to the shelter of G.L.c. 59H in this case.
Given the foregoing, this Court need not even reach a determination of whether Lee Cars makes a “threshold showing through the pleadings and affidavits that the claims against it are ‘based on’ the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.” Baker v. Parsons, 434 Mass. 543, 550 (2001). Lee Cars has not shown that it did any petitioning.
Lee Cars and JMK, Inc., of course, are two corporate competitors, or potential competitors, in the automobile business. In Duracraft, supra, 427 Mass, at 163, the Supreme Judicial Court made an observation that seems to apply here as well. Chief Justice Marshall said: “We see no evidence that the statute [G.L.c. 231, Sec. 59H] was intended to reach suits such as this one between two corporate competitors involved in other ongoing litigation, where the special motion may have been deployed not to limit ‘strategic litigation,’ but as an additional litigation tactic.”

ORDER

For the foregoing reasons, the Defendant Lee Imported Cars, Inc.’s Special Motion to Dismiss Pursuant to M.G.L.c. 231, Sec. 59H, (Paper #9), is DENIED.

In Lee Cars’ memorandum in support of its special motion to dismiss and in the Affidavit of Christopher J. Lee, the activities of the lawyers is characterized as “monitoring] the process, including appearing at certain public hearings before the Town of Norwood Zoning Board of Appeals.” See memorandum at para. 6, pp. 2-3 and affidavit at para. 6, p. 2.